UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>　　　Movant,<br><br>v.<br><br>MARSHMELLO CREATIVE, LLC,<br><br>　　　Respondent. | Case No. 2:22-mc-00104-RSM<br><br>ORDER DENYING UNOPPOSED MOTION TO SEAL CORPORATE DISCLOSURE STATEMENT |

　　　This matter comes before the Court on Respondent Marshmello Creative, LLC's Unopposed Motion to Seal Corporate Disclosure Statement, Dkt. #29.

　　　"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules instruct the parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

　　　In the instant case, Respondent Marshmello Creative, LLC ("MCL") moves to seal its Corporate Disclosure Statement, specifically "to redact the names of MCL's owners, which it

ORDER DENYING UNOPPOSED MOTION TO SEAL CORPORATE DISCLOSURE STATEMENT - 1

has always maintained as confidential." Dkt. #29 at 2. MCL points out it is "a third party to the underlying patent infringement litigation between Utherverse and Epic, to which the ownership of MCL has no relevance." *Id*. MCL contends it has good cause to keep its ownership structure confidential "because Marshmello is a popular and widely-recognized music artist, who has kept the particular ownership structure of MCL out of the public record because of possible inappropriate or malicious interests in his business affairs," and "because the identity of the owners of MCL includes the real name of the artist behind the Marshmello persona, which Marshmello and MCL have been careful not to acknowledge in the public record to maintain the integrity of the Marshmello brand." *Id*. at 3 (citing the declaration of counsel). MCL argues, without further evidence, that disclosure of MCL's owners would "create a significant risk of harm to MCL and Marshmello's brand." *Id.* (citing the declaration of counsel).

MCL is correct that the standard for sealing records attached to non-dispositive motions is reduced, but the moving party is still required to demonstrate good cause by citing evidentiary support. Here, MCL's reasoning and evidence are circular: requesting to keep information confidential because it has always been confidential, citing to the statements of MCL's lawyer. This type of argument and evidence fail to satisfy the good cause standard.

The Court also notes that a perfunctory internet search repeatedly reveals the probable identity of Marshmello, with many websites citing a 2017 Forbes article where the manager listed for Marshmello Creative, LLC was specially used as evidence. *See* Natalie Robehmed, *Unmasking Marshmello: The Real Identity Of The $21 Million DJ*, Forbes, https://www.forbes.com/sites/natalierobehmed/2017/11/14/unmasking-marshmello-the-real-identity-of-the-21-million-dj/. The Court therefore is not persuaded that this disclosure would create a significant risk of harm to MCL and Marshmello's brand.

ORDER DENYING UNOPPOSED MOTION TO SEAL CORPORATE DISCLOSURE STATEMENT - 2

Having reviewed the above Motion and the remainder of the record, the hereby FINDS and ORDERS that Respondent Marshmello Creative, LLC's Unopposed Motion to Seal Corporate Disclosure Statement, Dkt. #29, is DENIED. The Court DIRECTS the Clerk to unseal the Corporate Disclosure Statement at Dkt. #33 no earlier than **ten (10) days** from the date of this Order.

DATED this 16th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE